This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Romulo J.B. Vinhaes appeals from his conviction for domestic violence in the Wayne County Municipal Court. We affirm.
In July 1998, appellant lived with his wife, Kelly Vinhaes, and their two children in Doylestown, Wayne County, Ohio. The couple had been experiencing marital difficulties for some time, and Mrs. Vinhaes had filed for divorce in 1996. On the evening of July 30, 1998, Mrs. Vinhaes was putting the children to bed when appellant asked to see her in the kitchen when she was finished. When she went to the kitchen, appellant confronted her about a letter he had received from the Wayne County Prosecutor's Office, stemming from allegations of domestic violence made by Mrs. Vinhaes on July 19, 1998. They started arguing and shouting. According to Mrs. Vinhaes, shortly after their argument began, appellant grabbed her by the throat, lifted her up in the air, and held her over the stairway leading to the basement. She also testified that appellant, speaking in Portuguese,[1]
threatened to kill her at least ten times. The incident ended when the Vinhaes children entered the kitchen. Appellant then released Mrs. Vinhaes and returned the children to their beds.
On August 7, 1998, appellant moved out of the home. Mrs. Vinhaes did not notify any law enforcement officer of the incident with appellant until August 22, 1998, in a letter to a Wayne County Sheriff's deputy. Based on the letter, a complaint was filed in the Wayne County Municipal Court, charging appellant with one count of domestic violence, in violation of R.C. 2919.25(C), a fourth degree misdemeanor. Appellant pleaded not guilty.
A bench trial was held on November 30, 1998. The sole witness for the prosecution was Mrs. Vinhaes. Appellant testified on his own behalf. After hearing the testimony and the argument of counsel, the trial court found appellant guilty and sentenced him accordingly. This appeal followed.
 Appellant asserts one assignment of error: THE TRIAL COURT'S GUILTY FINDING ON THE CHARGE OF DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 Appellant contends that his conviction was against the manifest weight of the evidence, because the testimony of the witnesses conflicted and Mrs. Vinhaes was not a credible witness. Appellant's argument is not well taken.
When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
R.C. 2919.25(C) states: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." A defendant's spouse who resides with the defendant is a family or household member. R.C.2919.25(E)(1)(a)(i).
In the case at bar, Mrs. Vinhaes testified that appellant lifted her up by the throat and threatened to kill her. She stated that she feared for her safety and believed that appellant would harm her. She also testified that she did not contact law enforcement immediately, but left a voice mail for a sheriff's deputy and wrote a letter detailing the incident twenty-three days after it occurred. On cross-examination, Mrs. Vinhaes admitted that in her letter she included the statement, "I feel that it may be very important as we head into the very final phase of our divorce. We go to Court September 2nd[.]" Appellant testified that he and Mrs. Vinhaes shouted and "had a mutual, verbal abuse" but that he did not touch her or threaten her.
After a thorough review of the record, we cannot say that the evidence adduced before the trial court weighs heavily in favor of appellant. Mrs. Vinhaes' testimony supports a conviction under R.C. 2919.25(C). A conviction is not against the manifest weight of the evidence because the evidence before the trier of fact is in conflict. State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4. Appellant's conviction does not present an extraordinary circumstance requiring a reversal of the conviction and therefore is not against the manifest weight of the evidence.
Appellant's sole assignment of error is overruled. The judgment of the Wayne Municipal Court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
BAIRD, P.J.
WHITMORE, J.
CONCUR
[1] Appellant is from Brazil, and appellant and Mrs. Vinhaes lived there together for a period of time before coming to the United States.